IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEDRIC JAMAR DEAN, #197053, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-294-WKW-SMD |
| | ) | |
| KARLA JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the Court on a Complaint (Doc. 1)

filed by Dedric Jamar Dean ("Dean"), an indigent state inmate, in which he challenges the

constitutionality of conditions of confinement to which he was subjected at the Ventress

Correctional Facility ("Ventress") in April of 2017.  The Court recently obtained

information indicating that Dean is no longer at the last address he had provided for

service.[1]  The order of procedure entered in this case ordered Plaintiff to "immediately

inform the court and the defendants . . . of any change in his address.  Failure to provide a

correct address to this court within ten (10) days following any change of address will result

in the dismissal of this action." (Doc. 4) at 4.  The docket maintained in this case indicates

that Plaintiff received a copy of this order as he provided a notice of change of address to

the Court on August 24, 2017.  (Doc. 17).

---

[1] The last address provided to the Court by Plaintiff is Limestone Correctional Facility.  A recent search of the inmate database maintained by the Alabama Department of Corrections, http://doc.state.al.us/InmateSearch, indicates that Dean is not currently incarcerated within the state prison system.

Based on the foregoing, the undersigned entered an Order requiring Dean to inform the Court of his current address on or before June 28, 2019. (Doc. 35) at 1-2. This Order directed Dean to "show cause why this case should not be dismissed for his failure to comply with the orders of this court and his failure to adequately prosecute this action." *Id.* The Court "specifically cautioned [Dean] that if he fails to respond to this order the Magistrate Judge will recommend that this case be dismissed for his failure to comply with the orders of this court and his failure to adequately prosecute this action." *Id.* As of the present date, Dean has failed to provide the Court with his current address pursuant to the directives of the orders entered in this case. The undersigned, therefore, recommends that this case is due to be dismissed.

The undersigned has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga.*, 248 F. App'x 116, 117-18 (11th Cir. 2007). After such review, the undersigned finds that dismissal of this case is the proper course of action. Initially, the undersigned notes that Dean is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. Moreover, Dean has failed to comply with the directives of the orders entered by this Court regarding provision of a current address. It likewise appears that Dean is simply no longer interested in the prosecution of this case and any additional effort to secure his compliance would be unavailing and a waste of this Court's scarce resources. Finally, this case cannot properly proceed when Dean's whereabouts are unknown to the Court.

2

Accordingly, the undersigned concludes that Dean's failure to comply with the orders of this Court warrant dismissal of this case. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that, **on or before August 26, 2019**, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the

3

right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 12th day of August, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE